# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-1735
LT Case No. 05-2021-CA-40129

_____

STEVEN HITCHENS and SELENA
HITCHENS,

     Appellants,

     v.

TOM MURRELL and KAY
MURRELL, and PALMA
CONDOMINIUM ASSOCIATION,
INC., d/b/a Las Palmas
Condominium Apartments,

     Appellees.

_____

On appeal from the Circuit Court for Brevard County.
Scott A. Blaue, Judge.

Justin R. Payne, of The Law Offices of Justin R. Payne, P.A.,
Cocoa, for Appellants.

Allan P. Whitehead and Erika McBryde, of Frese, Whitehead,
Anderson & Henderson, P.A., Melbourne, for Appellees, Tom
Murrell and Kay Murrell.

No Appearance for Remaining Appellee.

July 10, 2026

SOUD, J.

Appellants Steven and Selena Hitchens appeal the trial court's final judgment in favor of Appellees Tom and Kay Murrell, denying the Hitchens' requested relief, including the specific performance of a contract for the sale of the Murrells' unit at the Las Palmas Condominium Apartments in Cocoa Beach, Florida. We have jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.030(b). While certain equities of this case may entice otherwise, because the plain language of the operable declaration of condominium requires it, we reverse the judgment and remand this case with instructions that the trial court enter judgment in favor of the Hitchens and order the performance of the contract for the sale of the Murrells' condominium to the Hitchens.

I.

The Murrells wanted to sell their condominium at Las Palmas Condominium Apartments to their friend and longtime tenant, Betty Farr. Born of their affection for Ms. Farr and acknowledging the rent she had paid over the years, the Murrells entered a contract to sell the condominium at a price represented to be materially below market value.

All condominium owners at Las Palmas are governed by the Declaration of Condominium Establishing Las Palmas Condominium Apartments. When an existing owner wishes to sell his unit, the Declaration requires that other existing owners have "the first right over non-owners of units to purchase any unit being offered for sale."

Section 17 of the Declaration governs the sale of units and sets out the process for an existing owner to exercise this right of first refusal. When a unit is to be sold, the selling owner is required to notify the association's board of the intended sale in writing and attach a copy of the purchase agreement. This notice is to be posted at the condominium property. If an existing owner wishes to exercise their right of first refusal and purchase the condominium, that owner must notify the selling owner within ten days of the posting. Section 17.5.4 of the Declaration expressly provides, "[n]otice shall be sent by certified mail and shall be effective on the date of mailing or hand-delivery, whichever the case may be."

2

Shortly after the Murrells' notice of the intended sale was posted, Mr. Hitchens contacted Mr. Murrell via phone and text message to advise that he intended to purchase the Murrells' unit. Mr. Murrell responded that he preferred to sell to Ms. Farr and asked Mr. Hitchens to respect that decision. Nonetheless, the Hitchens thereafter timely sent by certified mail their notice of intent to purchase the Murrells' condominium, thereby exercising their right of first refusal.

As a result, the Murrells canceled their contract with Ms. Farr and returned her deposit. The Murrells refused to sell the property to the Hitchens. Mr. Murrell even testified he would not have accepted their escrow payment. A few months later, the Murrells listed their condominium on the market for a higher price.

The Hitchens filed a three count complaint alleging claims for declaratory relief, specific performance, and breach of contract. Following a bench trial, the lower court entered judgment in favor of the Murrells, finding that the Hitchens timely mailed their notice by certified mail but "failed to prove, by a greater weight of the evidence, that Mr. Murrell actually received the notice of the exercise of right of first refusal." The court also found that the Hitchens failed to timely pay the $5,000 deposit required by the underlying purchase agreement, thereby failing to comply "with the terms of the bona fide, sweetheart deal, contract."

This appeal followed.

II.

We review the trial court's factual findings following the non-jury trial for competent substantial evidence, affording those findings a strong presumption of correctness. *See Sanks v. Ameriquest Funding II Reo Subsidiary, LLC*, 183 So. 3d 448, 448 (Fla. 5th DCA 2015); *4350 NW 8 Terrace, LLC v. Com. Laundries, Inc.*, 411 So. 3d 572, 576 (Fla. 3d DCA 2025). Our interpretation of the Declaration, however, is de novo, *see Whitley v. Royal Trails Prop. Owners' Ass'n*, 910 So. 2d 381, 383 (Fla. 5th DCA 2005), as is our review of the trial court's application of law to the facts, *see Town of Ponce Inlet v. Pacetta, LLC*, 120 So. 3d 27, 29 (Fla. 5th DCA 2013).

3

The dispute before us is a relatively narrow one. The parties do not disagree as to the existence of the Hitchens' right of first refusal or the nature thereof. Rather, the focused disagreement is what must they do to exercise that right.

The Hitchens argue that the trial court erred in two ways. First, the court erred by requiring proof that the Murrells actually received notice because such is not required by the Declaration to exercise the right of first refusal. Further, they posit that the court erred in finding that the failure to pay the $5,000 escrow deposit constituted non-compliance with the agreement, thus relieving the Murrells from selling the condominium to them.

We agree on both fronts. The plain language of the Declaration and the dictates of Florida law support the Hitchens' arguments and require reversal.

## A.

A right of first refusal, also known as a preemptive right, "is a right to elect to take specified property at the same price and on the same terms and conditions as those contained in a good faith offer by a third person if the owner manifests a willingness to accept the offer." *Old Port Cove Holdings, Inc. v. Old Port Cove Condo. Ass'n One, Inc.*, 986 So. 2d 1279, 1285 (Fla. 2008) (quoting *Pearson v. Fulton,* 497 So. 2d 898, 900 (Fla. 2d DCA 1986)). While a right of first refusal does not empower the one granted that right the ability to compel an unwilling owner to sell a particular property, the right of first refusal "ripens into an option" once a willing seller accepts an offer from a third party. *See id.*

Here, the Murrells entered into a purchase agreement with specific, identified terms for the sale of their unit at Las Palmas to Ms. Farr. The agreement was subject to the Declaration and posted at the property. Thereafter, the Hitchens timely provided written notice by certified mail of their intent to exercise the right of first refusal and purchase the Murrells' unit. By the plain and express language of section 17.5.4 of the Declaration, the Hitchens' notice was "effective on the date of mailing."

Yet, the Murrells insist that Florida law has rejected the mailbox rule and requires the Hitchens to prove the Murrells

4

received the notice of exercising the right of first refusal. We disagree. Although this Court has generally held that proof of receipt of a notice exercising a right of first refusal is required, *see Maloney v. Atlantique Condo. Complex, Inc.*, 399 So. 2d 1111, 1114 (Fla. 5th DCA 1981), a condominium association is free to provide otherwise in its declaration of condominium, *see Capriccio Rest., Inc. v. Poinciana Props., Ltd.*, 492 So. 2d 849, 850 (Fla. 4th DCA 1986). And, unlike the association in *Maloney*, a case involving different facts than present here, Las Palmas did just that in providing that a notice of intent to exercise an existing owner's right to purchase an available condominium is effective upon certified mailing or hand delivery.

Further, the Murrells' cancellation of the Farr purchase agreement after the Hitchens notified them of their intent to buy the condominium failed to extinguish the Hitchens' option to purchase the Murrells' unit. Once the Murrells entered into the purchase agreement with Ms. Farr, the Hitchens' preexisting right of first refusal "ripen[ed] into an option" to purchase. *Old Port Cove Holdings, Inc.*, 986 So. 2d at 1285 (quoting *Pearson,* 497 So. 2d at 900). The Hitchens then timely exercised that option by sending written notice via certified mail. "When an owner enters into a contract for sale, a pre-existing right of first refusal is converted into an irrevocable option to purchase. Once a holder's right of first refusal ripens into an option, the option is not affected by termination of the underlying contract." *Allegro at Boynton Beach, L.L.C. v. Pearson*, 227 So. 3d 1288, 1290–91 (Fla. 4th DCA 2017) (internal quotation marks and citations omitted).

B.

The trial court also erred in its conclusion that the Hitchens' failure to pay the $5,000 deposit called for by the purchase agreement relieved the Murrells from their obligation to proceed with the sale of their property. The Murrells failed to specifically plead in their answer and affirmative defenses the Hitchens' failure to satisfy the condition precedent of paying the deposit. Florida Rule of Civil Procedure 1.120(c) requires a defendant who denies that conditions precedent were met "to 'identify both the nature of the condition precedent and the nature of the alleged noncompliance or nonoccurrence.'" *Saavedra v. Universal Prop. &*

5

*Cas. Ins. Co.*, 314 So. 3d 729, 730 (Fla. 5th DCA 2021) (quoting *Deutsche Bank Nat. Tr. Co. v. Quinion*, 198 So. 3d 701, 703–04 (Fla. 2d DCA 2016)). The rule is designed "to put the burden on the defendant to identify the specific condition that the plaintiff failed to perform—so that the plaintiff may be prepared to produce proof or cure the omission, if it can be cured. The rule is intended to force a defendant to show his hand in advance to avoid surprise." *Godshalk v. Countrywide Home Loans Serv., L.P.*, 81 So. 3d 626, 626 (Fla. 5th DCA 2012). "If satisfaction of the condition precedent is not denied with specificity, it is waived." *Saavedra*, 314 So. 3d at 730.

As a result, because the Murrells failed to plead the Hitchens' failure to pay the deposit with the required specificity, they waived this defense.[*]

### III.

Accordingly, we REVERSE the final judgment and REMAND this case to the trial court with instructions to enter judgment in favor of the Hitchens and require the specific performance of the sale of the Murrells' condominium in accordance with the terms set forth in the purchase agreement initially entered into with Ms. Farr.

It is so ordered.

---

[*] Even had the Murrells pleaded this defense with sufficient specificity, reversal on this basis would still be required. We conclude that Mr. Murrell's conduct after the Hitchens exercised their right of first refusal amounted to anticipatory repudiation of the contract, relieving the Hitchens of their obligation to pay the deposit. *See Kaplan v. Laratte*, 944 So. 2d 1074, 1075 (Fla. 4th DCA 2006) ("Once the seller informed the buyer by telephone that he was not going to perform, however, the buyer had an immediate cause of action against the seller because of the anticipatory breach, which relieved her of any duty to tender performance." (citing *Hosp. Mortg. Grp. v. First Prudential Dev. Corp.,* 411 So. 2d 181, 182 (Fla. 1982))).

LAMBERT and EDWARDS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____